UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-D-1401

JAMES CHAPMAN,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on a review of the Commissioner's decision that denied Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act. Plaintiff's application for Disability Insurance Benefits ("DIB") filed April 8, 2002 (Transcript ["Tr."] at 34-36) and Social Security Income payments filed March 25, 2002 (Tr. at 308B-C) was denied on initial determination (*id.* at 29, 308E-I). Plaintiff then requested a hearing. Tr. at 30  After a hearing on October 10, 2003 (id. at 309-349), Administrative Law Judge ["ALJ"] B.L. Boyens issued an unfavorable decision on June 30, 2003, finding that Plaintiff was not disabled. *Id.* at 10-21.

In the decision, the ALJ found at step one of the five-step sequential analysis required by law that Plaintiff performed substantial gainful activity ["SGA"] until March of

2000, but thereafter did not perform SGA. Tr. at 14. Although Plaintiff's applications for disability benefits asserted a pre-March 2000 onset date for disability, Plaintiff does not contest the ALJ's findings at step one. Instead, Plaintiff's focus in this appeal is whether the Commissioner met her burden of showing that Plaintiff was not disabled after March 1, 2000.

At steps two and three of the five-step analysis, the ALJ found that Plaintiff has severe impairments that do not meet or equal the Listings; namely, "degenerative disc disease ["DDD"] of the lumbar spine and degenerative joint disease ["DJD"] of both knees." Tr. at 15, 20. The ALJ then proceeded to evaluate Plaintiff's residual functional capacity ["RFC"]. *Id.* at 16-19. He found that Plaintiff:

> retains the residual functional capacity to perform a full range of sedentary work and less than a full range of light work. Accordingly, the [ALJ] finds that the [Plaintiff] can (1) lift/carry 10 pounds occasionally, (2) walk/stand for 15-minute intervals and with a period of sitting, for 2 hours a day, (3) occasionally stoop and crouch, and (4) sit without restriction. However, he is precluded from kneeling, climbing, crawling, and driving.

*Id.* at 18.

As to Plaintiff's credibility, the ALJ found that Plaintiff's description of certain limitations at the hearing (i.e., sitting 3-4 minutes and standing 5-6 minutes) were "so extreme as to appear implausible." Tr. at 18. The ALJ also found that Plaintiff's testimony as to his limited daily activities were outweighed by other factors in the record, including the fact that the activities could not be objectively verified with any reasonable degree of certainty and the fact that the ALJ found it "difficult to attribute

that degree of limitation to [Plaintiff's] medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision." *Id.* The ALJ thus concluded that the statements and testimony of Plaintiff were not fully credible. *Id.* at 17, 19.

At step four of the evaluation, the ALJ addressed whether Plaintiff could perform his past relevant work, including promotion representative, hand bill inserter, mail clerk, shuttle driver, bus driver and cable locator. Tr. at 19. The ALJ found, based on the vocational expert's ["VE"] testimony, that Plaintiff could not perform such work. *Id.*

The ALJ then proceeded to step five, wherein he considered Plaintiff's age (43 years old on March 1, 2000, defined as a "younger" person), education (more than high school), vocational experience (skilled), RFC, and the testimony of a VE. Tr. at 19. The VE testified that a hypothetical person with Plaintiff's RFC and vocational profile was capable of making a vocational adjustment to work as a food and beverage order clerk, a telephone quotation clerk, a charge account clerk, and a final assembler. Tr. at 19-20. The ALJ concluded that the VE's testimony was credible, and that there were a significant number of jobs in the national economy which Plaintiff is capable of performing. Accordingly, he found that Plaintiff is "not disabled" within the meaning of the Social Security Act. *Id.*

The Appeals Council declined review of the ALJ's determination (Tr. at 5-7), making the case final for judicial review. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g).

II.   ANALYSIS

    A.   Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

    B.   Plaintiff's Arguments

        1.   Whether the ALJ Erred in the Credibility Finding

I first address whether the ALJ erred in connection with his credibility decision. I find that the credibility evaluation is not supported by substantial evidence and remand for further factfinding on this issue, particularly as it relates to Plaintiff's allegations of pain that I find were not properly considered.

First, I find that the ALJ selectively applied the evidence to find that Plaintiff's "statements and testimony are not generally credible in light of his life style, the degree of medical treatment required, the reports of the treating and examining practitioners and the findings made on examination." Tr. at 17. In reaching his conclusion, the ALJ appears to have improperly ignored statements in the treating and examining physician reports regarding the credibility of Plaintiff's statements. *See* Tr. at 92-93; *see also* 95, 99, 102, 104-87, 189-90, 194, 197, and 201. Thus, while the ALJ used the reports of the physicians to support his RFC decision, the ALJ discounted or ignored verification of Plaintiff's credibility as to his subjective complaints of pain within these same reports in an effort to substantiate his credibility determination. This was improper.

As to the findings on pain, the ALJ appears to focus primarily on reported knee impairment as he relies on an August 2002 examination report wherein treating physician Dr. Kluck reported no knee pain. Tr. at 18. This report, however, specifically describes Plaintiff's back problem and its impact on his legs. *Id*. at 92-93. As the record reflects, Plaintiff has both back and knee impairments which appear to be the source of his pain. *See id*. at 92-93, 95, 99, 102, 104-87, 189-90, 194, 197, and 201. These medical reports indicate that Plaintiff is reasonably expected to experience pain from his impairment. *Id*. at 92-93; *see also* 95, 99, 102, 104-87, 189-90, 194, 197, and 201. Indeed, Plaintiff's treating physician Dr. Kluck noted in an August 2002 examination that "the biggest problem [Plaintiff] has is the pain." *Id.* at 93.

Based on the foregoing, I find that the ALJ erred in finding that Plaintiff's complaints of pain were not credible in light of the record evidence substantiating this pain. The ALJ thus should have addressed the level of pain that Plaintiff had as well as the extent to which the pain is disabling and/or affects Plaintiff's impairments and his RFC. *See Adkins v. Barnhart*, 80 Fed. Appx. 44, 91 Soc.Sec.Rep.Serv. 252 (10th Cir. 2003); *see also Thompson v. Sulllivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ should also have addressed at step five whether sufficient jobs exist in the national economy that Plaintiff may perform given the level of pain he suffers. *Thompson*, *id.*

I also find that the ALJ erred in his credibiity determination as to Plaintiff's statements and testimony regarding his limited daily activities. The ALJ found that these statements were not fully credible because Plaintiff's "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." Tr. at 18. Plaintiff argues that the ALJ appears to have "invented a new 'rule' for determination of credibility: a claimant's testimony as to his daily activities is not credible unless verified by someone else." Pl.'s Reply at 3-4. I agree. While the ALJ is required to assess the credibility of a claimant's testimony regarding daily activities, there is no rule that requires that such activities and/or the limitation thereof be objectively verified.

The ALJ also cited Plaintiff's daily activity questionnaire which stated that he undertook minimal daily activities such as light housework, watching television,

attending church, and fishing. Tr. at 17. However, "the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." *Thompson*, 987 F.2d at 1490. "The 'sporadic performance [of household tasks . . .] does not establish that a person is capable of engaging in substantial gainful activity.'" *Id.* (quoting *Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987)). Further, the ALJ did not fully develop the record to understand the context and content of the activities listed on Plaintiff's daily activity questionnaire.

The ALJ noted as further support for his credibility determination Plaintiff's infrequent trips to the doctor and the significant gaps in Plaintiff's recent history of treatment. Tr. at 17. The ALJ necessarily ignores Plaintiff's explanation that he failed to pursue medical treatment or prescription medicine because he could not afford it. *See generally id.* at 13-21.

Although credibility findings are generally left to the ALJ, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). Here, as stated above, many of the findings as to credibility are not supported by substantial evidence. Accordingly, I find that this case must be remanded for further factfinding on this issue.

2.   Plaintiff's Other Arguments

My finding that the ALJ erred in assessing Plaintiff's credibility and pain means that Plaintiff's RFC must be reassessed on remand. I thus find it premature to

consider arguments made regarding errors at step five since the analysis at that step may well differ upon remand.

III.   CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for further fact finding consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) to make further findings consistent with this Order.

Dated this 20th day of September, 2005.

                      BY THE COURT:

                      s\ Wiley Y. Daniel
                      United States District Judge